UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY ORSULAK,<br><br>          Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>          Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. Seq.]<br>  2. NEW YORK GENERAL BUSINESS LAW [NY CLS GEN. BUS. § 349, et. seq.]<br><br>**(Unlawful Debt Collection Practices)** |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Amy Orsulak ("Plaintiff"), through her attorneys, alleges the following against Defendant, Synchrony Bank, ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon New York General Business Law § 349, et. seq. ("NYGBL"). The NYGBL provides that no business shall engage in deceptive acts or practices in the conduct of any business, trade or commerce or

- 1 -

in the furnishing of any service.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq.

4. Venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in New York, New York County, New York.

7. Defendant is a banking corporation with its principle place of business located in Stamford, Connecticut. Synchrony can be served at 170 West Election Road, Suite 125, Draper, UT 84020.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. In or around March 2017, Defendant began placing calls to Plaintiff's cellular phone number (215) 915-3536, in an attempt to collect an alleged debt.

11. The calls mainly originated from the following numbers: (877) 317-5659 and (877) 379-4933. Upon information and belief, these numbers are owned or operated by Defendant.

12. On or about April 6, 2017, at 9:31 a.m., Plaintiff answered a call from Defendant originating from (877) 317-5659; Plaintiff spoke with a Representative.

13. Plaintiff heard a pause before the Representative began to speak.

14. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

15. During that call, Plaintiff asked Defendant to stop calling her. Despite her request, Plaintiff continued to receive calls from Defendant to her cellular phone daily.

16. On or about April 12, 2017 at 8:57 a.m., Plaintiff answered a call from Defendant originating from (877) 317-5659; Plaintiff spoke with a Representative.

17. Plaintiff heard a pause before the Representative began to speak.

18. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

19. During that call, Plaintiff asked Defendant to stop calling her a second time. Despite her request, Plaintiff continued to receive calls and Defendant called Plaintiff one (1) more time that day at 10:46 a.m.

20. On or about April 22, 2017, Plaintiff received at least seven phone calls from Defendant, all originating from (877) 317-5659; at 8:18 a.m., 9:03 a.m., 9:34 a.m., 10:25 a.m., 11:03 a.m., 1:53 p.m., and 3:37 p.m.

21. On or about April 26, 2017, Plaintiff received at least nine phone calls from Defendant, all originating from (877) 317-5659; at 8:21 a.m., 8:42 a.m., 1:26 p.m., 1:40 p.m., 3:04 p.m., 3:41 p.m., 5:26 p.m., 6:24 p.m., and 8:49 p.m.

22. The next day, on or about April 27, 2017, Plaintiff received an additional nine

phone calls from Defendant, all originating from (877) 317-5659.

23. On April 28, 2017, Plaintiff received at least ten phone calls from Defendant, all originating from (877) 317-5659; at 8:10 a.m., 9:09 a.m., 10:03 a.m., 10:35 a.m., 12:13 p.m., 1:34 p.m., 1:55 p.m., 5:13 p.m., 6:59 p.m., and 7:56 p.m.

24. Between April 26, 2017 and April 28, 2017, Plaintiff received no less than twenty eight phone calls to her cell phone.

25. Plaintiff continued to receive incessant phone calls from Defendant throughout the months of April and May, sometimes up to ten calls per day.

26. Defendant called Plaintiff approximately one-hundred and twenty-five (125) times between April 6, 2017 and May 27, 2017.

27. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

29. Plaintiff is employed as a bartender and has her cellular phone on her person when on the job.

30. Due to Defendant's incessant calls, Plaintiff has received complaints related to phone calls from Defendant while tending to customers.

31. Plaintiff has received complaints both from customers and her supervisor. Plaintiff has been asked to put her phone away while at work when she would look to see who was calling her cellular phone.

32. Defendant's conduct induced stress, anxiety, and embarrassment in her place of work.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an

award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the NYGBL, § 349, et. seq.)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The NYGBL provides that no business shall engage in "deceptive acts or practices in the conduct of any business…" NY CLS GEN. BUS. § 349(a).

38. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by NY CLS GEN. BUS. § 349(h).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amy Orsulak, respectfully requests judgment be entered against Defendant, Synchrony Bank, for the following:

   A. Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); or

   B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and/or

   C. Punitive damages pursuant to 47 U.S.C. § 227(b)(3)(C);

D.  Attorneys' fees and costs available under § 349(h).

E.  Any pre-judgment and post-judgment interest as may be allowed under the law; and

F.  For such other and further relief as the Court may deem just and proper.

                        RESPECTFULLY SUBMITTED,

Dated: July 20, 2017                **PRICE LAW GROUP, APC**

By:*/s/ Steven Alpert*
Steven A. Alpert (SBN. SA3150)
86 Hudson Street
Hoboken, NJ 07030
T: (818)907-2030
E: alpert@pricelawgroup.com
Attorneys for Plaintiff,
Amy Orsulak